### LOTTERLE v. MURPHY.

(Supreme Court, General Term, Second Department. February 13, 1893.)

JURISDICTION OF STATE COURTS—LANDS OF UNITED STATES.

 State courts have jurisdiction of summary proceedings by a lessee to recover from his sublessee possession of the leased premises, though they are lands of the United States, leased by it to plaintiff lessee.

Appeal from Kings county court.

Summary proceedings by Frederick M. Lotterle against John Murphy. From an order and judgment affirming a final order of a justice of the peace in favor of plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

John Murphy, (James J. Rogers, of counsel,) for appellant.
Samuel T. Maddox, for respondent.

PRATT, J. We are not able to distinguish this case from Barrett v. Palmer, 31 N. E. Rep. 1017, where the court of appeals held that the acquisition of lands by the general government does not operate to oust the judicial authority of the state. From that it follows that the justice of the peace had jurisdiction of the proceeding.

We have examined the other objections raised, and do not find error. Judgment affirmed, with costs.

BARNARD, P. J. The United States government rent by written lease to the plaintiff landlord certain premises in Walabout Bay, Kings county, which are part of the navy yard premises. The defendant, John Murphy, hired of Lotterle a part of the premises at a fixed rent, and he has failed to pay. The case is a clear one under our laws in respect to the dispossessing of delinquent tenants, if the state courts have jurisdiction over the lands. The point seems to be settled in Barrett v. Palmer, 31 N. E. Rep. 1017, that the jurisdiction of the state courts continue unchanged except so far as the use of the lands is antagonistic to the interference of the state courts. As the case stands, there is no such antagonism. The government of the United States has put the lands in the possession of the plaintiff for rent, and for the private use of the plaintiff, and the defendant has taken these lands under similar conditions. The United States government has passed no laws so as to enable its tenant to get his right of one who leases from him. The ordinary state laws cover the case, therefore, of necessity.

The judgment should be affirmed, with costs.

DYKMAN, J., concurs.

---

### SCHECKER, Appellant, v. WOOLSEY, Respondent.

(Supreme Court, General Term, First Department. January 13, 1893.)

Appeal from special term, New York county.

Action by William H. Schecker against Edward J. Woolsey for breach of contract. From an order refusing to advance case on short cause calendar, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Cannon & Atwater, (Henry G. Atwater, of counsel,) for appellant.

Howe & Hummel, for respondent.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements.

---

### ARTHUR et al., Respondents, v. LEAVITT, Appellant.

(Supreme Court, General Term, First Department. January 13, 1893.)

Appeal from trial term, New York county.

Action by Joseph Arthur and another against Michael B. Leavitt. From an order denying his motion to open his default and to vacate and set aside a judgment entered thereon against him, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Dittenhoefer & Gerber, for appellant.

Wm. D. Leonard, for respondents.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements.

---

### SOUTHARD, Appellant, v. HAMMOND, Respondent.

(Supreme Court, General Term, First Department. January 13, 1893.)

Appeal from special term, New York county.

Action by Charles H. Southard against Charles A. Hammond to recover $500 on two notes given to plaintiff by defendant on his purchase of a horse and wagon. Judgment was entered against defendant by default, and, from an order setting aside such judgment and allowing defendant to answer, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Cornell, Secor & Page, (Horace Secor, Jr., of counsel,) for appellant:

Henry W. Bates, for respondent.

PER CURIAM. We see no reason for interfering with the order appealed from. The order should be affirmed, with $10 costs and disbursements.

---

### F. KROEBER CLOCK CO., Respondent, v. CASSAL, Appellant.

(Supreme Court, General Term, First Department. January 13, 1893.)

Appeal from special term, New York county.

Action by F. Kroeber Clock Company against Emma H. Cassal. From an order at special term denying defendant's motion for a change of the place of trial for the convenience of witnesses from the county of New York to the county of Chemung, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Knipp & Clarke, (Roswell R. Moss, of counsel,) for appellant.

Geo. Carlton Comstock, for respondent.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements.